CHARLES F. LIBBY, special administrator, in equity,

*vs.*

JOHN C. COBB.

Cumberland.   Opinion December 3, 1884.

*Special administrator.   Mortgages.   Redemption.*

A special administrator can maintain a bill in equity to redeem land of his intestate from a mortgage, where the right to redeem might be barred by foreclosure before a general administrator would be qualified.

ON REPORT.

Bill in equity by the special administrator on the estate of Francis Kane, late of Portland, deceased, to redeem from mortgage certain real estate of the deceased.

The defendant demurred to the bill. The presiding justice hearing the cause being of the opinion that the question of law involved was of sufficient importance reported the same to the law court, the parties agreeing thereto.

The material facts set out in the bill are stated in the opinion.

*Charles F. Libby*, for the plaintiff.

*S. C. Strout, H. W. Gage* and *F. S. Strout*, for the defendant.

At common law, the holder of the legal estate is the only party entitled to redeem. *Dexter* v. *Arnold*, 1 Sumner, 111; Hilliard, Mortgages, 248, 247, 249.

On the death of the mortgagor, his heir, or assignee, alone can redeem. 1 Hilliard, Mortgages, 252; *Smith* v. *Manning,* 9 Mass. 422; *Elliot* v. *Patten,* 4 Yerg. 10; *Shaw* v. *Hoadley,* 8 Blackf. 165; Jones, Mortgages, § 1062.

A mortgage is collateral to the debt of the mortgagor. Payment of the debt discharges the mortgage. If the estate is solvent, and has sufficient personal, the administrator is bound to pay the debt and exonerate the land for the benefit of the heir. The title to the land being in the heir, payment of the debt relieves the estate for the benefit of the heir only, the administrator takes no title to it, and has no claim to be reimbursed from it. This right of the heir, will be enforced in equity, on bill brought by him. 1 Hilliard, Mortgages, 412; Story's Eq. § 571.

If the estate is insolvent, the administrator is not allowed to apply the personal estate to pay the mortgage debt, and redeem the mortgage. 9 Pick. 133; Hilliard, Mortgages, 425.

By our statutes, R. S., c. 90, § 26, which is the same as the R. S., of 1871, the executor, administrator, or the heirs or devisees may maintain a bill for redemption. But for this statute an administrator could not maintain such a bill. The complainant is not administrator. He is only a special administrator. While an administrator may pay debts of his intestate, and it is his duty to do so, a special administrator has no such power. He can only do the acts mentioned in R. S., c. 64, § 33. He is simply a custodian to collect the assets and debts, and hold them till an administrator is appointed, and then turn them over to him. Except a few specified claims and expenses, which do not include general debts, he has no authority to pay out money of the estate.

If the complainant in this case has the money of the estate in his hands sufficient to pay this mortgage debt, he has no authority to pay the debt from such funds. The law prohibits him from so doing. R. S., c. 64, § § 33, 34. If he had a decree allowing redemption, he has no authority to perform it, by making payment. The suit is in his official character. In that character he calls upon the defendant, and in that character he must

redeem, if at all, and from his intestate estate he must make payment if at all. He cannot call for redemption, and make payment of the debt from moneys coming from other sources than the estate he represents. Defendant is not bound to assign his mortgage. Redemption may be sought by the parties entitled, the heir or administrator, but not by a special administrator.

It must follow that this plaintiff cannot maintain this bill to redeem, when he is unauthorized to pay the mortgage debt, or perform a decree in his favor. So far as appears by the bill the estate is solvent. The heir could have at any time brought a bill.

EMERY, J. The single question is whether the court will entertain a bill by a special administrator, appointed pending an appeal as to the appointment of a general administrator, the bill being to redeem mortgaged real estate of the deceased, where the right to redeem would probably be foreclosed before the determination of the appeal.

Special administrators do not have the general powers of general administrators, but it is a fair construction of their powers, to say that they are commensurate with their duties. By R. S., chap. 64, § § 32 and 33, special administrators are to inventory, and " collect all the goods, chattels and debts of the deceased, control and cause to be improved all his real estate, collect the rents and profits thereof, and preserve them for the executor or administrators thereafter appointed." The words " preserve them " are not limited to rents and profits, but apply to all the assets real and personal. The special administrator is to collect the personal assets, control and improve the real estate, that he may preserve all. The very object of his appointment, is the preservation of all the assets, real as well as personal, for the realty may be the only fund for creditors. His powers should be construed as sufficient for such a purpose. The statute goes on to enact that " he may for that purpose maintain suits," for the purpose of preserving as well as of collecting, controlling and improving. We think where a suit is necessary for such preservation, it might be maintained,

without such statute provision, upon the principle above stated.

This bill alleges that land of the intestate worth $5000 was mortgaged to secure the suretyship of the respondent, on a recognizance for the intestate in a criminal prosecution. How much or whether anything is due is not known to the complainant. The right to redeem, should any sum however small, be found due, would expire January 13, 1884, probably before the appeal as to appointment of administrator could be determined. The special administrator should not permit such seemingly valuable property to be lost to the estate. He should preserve it for the general administrator. How could he preserve it except by demanding an account and if refused, filing a bill to redeem? No authority has been cited to the contrary, and in the absence of opposing authority, we think such action by the special administrator is fairly within the scope of his duties and powers imposed and conferred by statute.

The respondent urges that at common law a general administrator even could not maintain a bill for redemption, that he only has such power by express statute, that the statute only contemplates general administrators and should not be extended by construction to include a special administrator. The old common law rule that only the heir or devisee could maintain a bill to redeem, obtained when a deceased's real estate was not liable for his debts. There was no occasion for the administrator to interfere, though the heir might call upon him to pay the debt from the personalty. When all the deceased's real estate came to be subject to the payment of his debts, there arose a necessity that the administrator should have the right to redeem for the benefit of creditors, without a statute expressly authorizing it, it might have been held that an equity court could entertain such a bill. The statute made the right certain, and it may be fairly extended to include a necessary process by a special administrator.

The respondent also urges that the special administrator has no authority to pay any debts due from the estate, and therefore cannot use the estate's money to pay the respondent's claim. It is not a question of payment of a debt but of saving and pre-

serving property of the estate. While other creditors or the heirs might interpose to prevent an unwise redemption, the mortgagee certainly has no occasion to interpose.

Another ground for entertaining the bill can be suggested. The bill alleges, that the respondent was asked for an account by the general administrator immediately after his appointment by the probate court and that the respondent as creditor appealed from the appointment (thereby vacating it) for the fraudulent purpose of evading any account and delaying any proceeding to redeem until after the expiration of the right.

In *Saunders* v. *Frost*, 5 Pick. 267, which was a bill to redeem, though not like this case, Chief Justice PARKER, said : "So gross an injustice cannot be allowed, as that the mortgagee shall have it in his power to tie the hands of the mortgagor, and prevent him from redeeming the estate." In *Putnam* v. *Putnam*, 4 Pick. 139, the point was made that there was no statute authorizing the heirs to renew a bill to redeem begun by their ancestor. It was then too late to begin *de novo.* Chief Justice PARKER said in substance : "There is no necessity, because by the common law suits will be lost by the death of a party, that the same inconvenient rule should be applied to this process especially when as has been seen gross and palpable injustice may be the consequence. . . . . . We think they (the heirs) may avail themselves of the proceedings in the former suit, without any infringement of principle, or injury to the rights and interests of the defendant ; and we think without this privilege there is no remedy whatever for a grievous wrong."

The language quoted from the eminent jurist, seems to us applicable to this case. This court has broad equity powers and powers expressly conferred to relieve from fraud or forfeiture. We think the equity jurisdiction of the court is wide enough to afford relief against the grievous wrong that may be done, and to afford the relief prayed for in this bill.

*Demurrer overruled. Bill sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.